UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STANLEY COOK, | ) | 1:09-CV-00477 LJO GSA HC |
|         Petitioner, | ) ) | |
| v. | ) ) | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| MICHAEL A. SMELOSKY, | ) ) | [Doc. #15] |
|         Respondent. | ) ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Kern, following his conviction by jury trial on August 9, 2005, of second degree burglary (Cal. Penal Code § 460(b)). (LD[1] 1.) The jury found true the allegations that Petitioner had suffered four prior strike convictions. (LD 1.) On September 7, 2005, Petitioner was sentenced to serve an indeterminate term of twenty-five years to life in state prison. (LD 1.)

Petitioner appealed the conviction to the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA"). On August 1, 2006, the Fifth DCA affirmed the judgment. (LD 2.)

---

[1] "LD" refers to the documents lodged by Respondent in support of his motion to dismiss.

1  Petitioner then sought review in the California Supreme Court. (LD 3.) On October 11, 2006, the
2  California Supreme Court denied review. (LD 4.)

3  Petitioner filed two post-conviction collateral challenges with respect to the judgment. On
4  September 8, 2008,[2] he filed a petition for writ of habeas corpus in the Fifth DCA. (LD 5.) The
5  petition was summarily denied on September 25, 2008. (LD 6.) He then filed a habeas petition on
6  October 5, 2008. (LD 7.) The petition was denied on December 10, 2008. (LD 8.)

7  On February 11, 2009, Petitioner filed the instant federal petition for writ of habeas corpus in
8  this Court. On January 8, 2010, Respondent filed a motion to dismiss the petition as being filed
9  outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner did not file
10 an opposition.

11 **DISCUSSION**

12 A.  Procedural Grounds for Motion to Dismiss

13 Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
14 petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
15 entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

16 The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if
17 the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the
18 state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule
19 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874
20 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for
21 state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).
22 Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court
23 should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

24 In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s
25 one-year limitations period.  Because Respondent's motion to dismiss is similar in procedural
26 standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default

---

[2] Pursuant to Rule 3(d) of the Rules Governing Section 2254 Cases, the Court considers the petitions filed on the date Petitioner signed them and presumably handed them to prison authorities for filing.

and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on February 11, 2009, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final.  In this case, the petition for review was denied by the California Supreme Court on October 11, 2006. Thus, direct review concluded on January 9, 2007, when the ninety (90) day period for seeking review in the United States Supreme Court expired. Barefoot v. Estelle, 463

1  U.S. 880, 887 (1983); <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir.1999); <u>Smith v. Bowersox</u>, 159
2  F.3d 345, 347 (8th Cir.1998). The statute of limitations commenced on the following day, January
3  10, 2007, and expired one year later on January 9, 2008. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246
4  (9th Cir.2001). Here, Petitioner delayed filing the instant petition until February 11, 2009, over one
5  year beyond the due date. Absent any applicable tolling, the instant petition is barred by the statute
6  of limitations.

7  <u>C.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

8  Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application
9  for State post-conviction or other collateral review with respect to the pertinent judgment or claim is
10 pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In this
11 case, Petitioner did not file any post-conviction collateral challenges with respect to the pertinent
12 judgment in the state courts within the one-year limitations period. Therefore, he is not entitled to
13 any statutory tolling and the petition remains untimely. The habeas petitions he did file were not filed
14 until after the limitations period had already expired. They cannot operate to revive the limitations
15 period. <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir.2001).

**RECOMMENDATION**

17 Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss be
18 GRANTED and the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to
19 comply with 28 U.S.C. § 2244(d)'s one year limitation period.

20 This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
21 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and
22 Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of
23 California. Within thirty (30) days after date of service of this Findings and Recommendation, any
24 party may file written objections with the Court and serve a copy on all parties. Such a document
25 should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to
26 the Objections shall be served and filed within fourteen (14) days after service of the Objections.
27 The Finding and Recommendation will then be submitted to the District Court for review of the
28 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure

1  to file objections within the specified time may waive the right to appeal the Order of the District
2  Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

4      IT IS SO ORDERED.
5      **Dated:   April 22, 2010**                              **/s/ Gary S. Austin**
    UNITED STATES MAGISTRATE JUDGE